In the Matter of the Compensation of
Goldie M. Dallman, Claimant.

DALLMAN,
*Petitioner,*
*v.*
SAIF CORPORATION,
*Respondent.*

(81-01057; CA A26171)

663 P2d 822

Leeroy O. Ehlers, Pendleton, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

PER CURIAM

**PER CURIAM**

Claimant appeals from an order of the Workers' Compensation Board. She contends that the Board erred in (1) reversing that portion of the referee's order that had found SAIF was responsible for hospitalization and treatment for her mental condition; (2) reinstating SAIF's denial of compensability of her mental condition; (3) reversing the referee's award of attorney fees; and (4) affirming the referee's order upholding SAIF's denial of her claim for aggravation of a previous compensable back injury. On *de novo* review, we affirm.

Claimant also assigns as error the Board's failure to consider the issue of the extent of her permanent disability resulting from her compensable back injury. That issue was presented to the referee; however, he found that it was premature, or rendered "moot," and he declined to decide it. Both parties appealed the referee's order. Neither specifically addressed this issue, and the Board did not decide it, even though the Board's reversal of the referee's order removed any impediment to consideration of the issue. Accordingly, we remand to the Board for consideration of that issue only.

Affirmed; remanded for determination of extent of claimant's permanent disability.